UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 19-cr-20515
        Hon. Mark A. Goldsmith

D-1 JAMIE LAMAR,

        Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Dkt. 63)**

After the Court issued an opinion and order revoking Defendant Jamie Lamar's bond (Dkt. 62), Lamar filed a motion for reconsideration of the Court's decision (Dkt. 63). The Court stayed Lamar's deadline to report to the custody of the United States Marshals Service and ordered the Government to file a response to Lamar's motion (Dkt. 64). The Government has now filed its response (Dkt. 69). For the reasons that follow, the Court denies Lamar's motion.

Pursuant to Local Criminal Rule 12.1(a), motions for reconsideration in criminal cases such as Lamar's are governed by Local Civil Rule 7.1(h)(3), which states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Lamar fails to raise "a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled." Id. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." Ososki v. St. Paul Surplus Lines Ins. Co., 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). A movant demonstrates a palpable defect by showing that

1

there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." Oswald v. BAE Indus., Inc., No. 10-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (emphasis in original). Thus, motions for reconsideration do not permit "the losing party to attempt to supplement the record with previously available evidence" or "raise new legal theories that should have been raised earlier." Allen v. Henry Ford Health Sys., No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010).

Lamar contends that reconsideration is supported by "newly discovered evidence," i.e., (i) medical records and proof of income from disability payments to show that she financed her out-of-state-travels without illicit funds, (ii) letters demonstrating Lamar's ties to the community and her lack of danger to society, and (iii) a suggestion that Michigan State Police Detective Adam Henderson can testify that Lamar met with him regarding the alleged threats against her life following her boyfriend's death. According to Lamar, this evidence is "newly discovered" because it "was made available only after her initial briefing." Mot. at 2. However, Lamar entirely fails to support this contention. Nothing in Lamar's brief or the records attached thereto suggest that this evidence was not readily discoverable prior to the Court's decision to revoke Lamar's bond. Lamar's failure to timely obtain this evidence—or bring it to her counsel's attention—does not constitute a palpable defect. The Court will not permit Lamar to now supplement the record with previously available evidence.

Additionally, Lamar fails to prove that consideration of this "newly discovered" evidence will result in a different disposition of this bond revocation matter. First, the Court's conclusion that there are no conditions that would assure that Lamar will not flee or pose a danger to others did not rest

upon a conclusion that Lamar financed her travels with illicit funds.  To be clear, the Court noted in its analysis of Lamar's nature and characteristics that Lamar traveled to multiple states despite her lack of legitimate income.  9/27/21 Op. at 5.  However, the Court did not hold that this consideration alone was controlling.  Instead, the totality of relevant considerations—which included Lamar's criminal history and personal drug abuse—caused Lamar's history and characteristics to warrant detention.  Further, as the Government points out, some of the "newly discovered" evidence concerning the funding for Lamar's travel actually weakens Lamar's position that she would abide by pretrial release conditions designed to minimize her flight risk.  See Resp. at 3–4.  In particular, Lamar's medical records show that she received instructions from a medical professional to avoid prolonged sitting.  Medical Records at PageID.241 (Dkt. 63-1).  Despite this medical advice, Lamar took several flights out-of-state, which involved multiple hours of sitting.  This demonstrates Lamar's inability to abide by restrictions, whether imposed by medical professionals or the Court.

Second, while the letters from community members demonstrate Lamar's ties to the community and good acts that she has performed for community members, community ties are only one consideration among many that the Court took into account when analyzing whether Lamar's history and characteristics warrant detention.  See 9/27/21 Op. at 4–5.  The Court also weighed additional considerations such as Lamar's criminal history, lack of legitimate employment, and history of personal drug use.  Each of these considerations weighed in favor of detention.  Lamar makes no effort to explain how the letters would outweigh the other relevant history and characteristic considerations and cause this factor—let alone all of the factors set forth in 18 U.S.C. § 3142(g)—to disfavor detention.

Third, Lamar fails to attach an affidavit, declaration, or some other statement from Detective Henderson to prove that he would testify that she reported the alleged threats against her life.  As a result, the Court cannot say that Detective Henderson's testimony would have any impact on the

Court's decision to revoke Lamar's bond. Even assuming that Detective Henderson would testify as Lamar suggests, this testimony likely would not alter the Court's decision. Lamar originally urged that the alleged threats to her life were relevant to the dangerousness factor. In analyzing this factor, the Court noted that it was not persuaded that Lamar traveled outside of the District due to safety concerns because "[e]ach time that Lamar left Michigan, she returned a short time later. If Lamar had really feared for her life, it seems that she would not have returned to Michigan, let alone return on multiple occasions." 9/27/21 Op. at 5. Even if Lamar reported the alleged threats to her life to Detective Henderson, this would only raise further suspicions as to why she would repeatedly return to Michigan.

For the foregoing reasons, Lamar's bond remains revoked. She shall be detained pending trial. No later than October 27, 2021, Lamar shall contact Pretrial Services and make arrangements to report to the custody of the United States Marshals Service. No later than October 28, 2021 at 3:00 p.m., Lamar shall report to the custody of the United States Marshals Service at the Theodore Levin U.S. Courthouse, located at 231 West Lafayette Blvd., Detroit, Michigan 48226. Failure to report as directed will result in a warrant being issued for Lamar's arrest.

SO ORDERED.

Dated: October 26, 2021  　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan  　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge