UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                           Case No. 19-cr-20515

v.                                                   HON. MARK A. GOLDSMITH

D-1 JAMIE LAMAR,

        Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT JAMIE LAMAR'S MOTION FOR
RECONSIDERATION (Dkt. 87)**

Defendant Jamie Lamar has been charged with (i) conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846; (ii) distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841; (iii) possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841; and (iv) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Superseding Indictment (Dkt. 23). Initially, Lamar was released on bond pending trial. However, Lamar subsequently violated the conditions of her release. After holding a hearing, the Court revoked her bond. 9/27/21 Op. (Dkt. 62). Lamar filed a motion for reconsideration of the decision to revoke her bond, which the Court denied. 10/26/21 Op. (Dkt. 73). Lamar then filed a motion for revocation of the detention order, which the Court also denied. 12/10/21 Op. (Dkt. 85). This matter is now before the Court on Lamar's motion for reconsideration of the Court's December 10, 2021 opinion (Dkt. 87). For the follow reasons, Lamar's motion for reconsideration is denied.[1]

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). In addition to the motion, the briefing includes the Government's response (Dkt. 90).

## I. ANALYSIS

Pursuant to Local Criminal Rule 12.1(a), motions for reconsideration in criminal cases such as Lamar's are governed by Local Civil Rule 7.1, which states, in relevant part:

> (h)  Motions for Rehearing or Reconsideration.
> . . .
> (2)  Non-Final Orders.  Motions for reconsideration of non-final orders are disfavored.  They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
> . . .
> (C)  New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2)(C).  "A motion for reconsideration should not be used liberally to get a second bite at the apple . . . ."  Oswald v. BAE Indus., Inc., No. 10-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010).  Thus, motions for reconsideration do not permit "the losing party to attempt to supplement the record with previously available evidence" or "raise new legal theories that should have been raised earlier."  Allen v. Henry Ford Health Sys., No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010).

According to Lamar, one day after the Court issued its December 10, 2021 opinion, she was informed that she had been exposed to COVID-19 at Sanilac County Jail, and the jail refused to allow her to move to another cell to avoid further contact with her cellmate who had tested positive for COVID-19. Mot. at 3.  Lamar further contends that she cannot practice social distancing in the four-person cell to which she is confined, and that the jail has not provided her with a mask, cleaning supplies, or a vaccine.  Id. at 3–4.  Lamar concludes that she should be released "because it is likely that she will contract COVID-19, given the jail's current practices."  Id. at 5.

The Court addressed Lamar's fear of contracting COVID-19 in its prior opinion, explaining that "the global pandemic is not a recent occurrence" and "[t]he virus's existence and dangerousness was well known at the time of Lamar's detention hearing in the summer of 2021."  12/10/21 Op. at 2.  The Court also addressed Lamar's vaccine argument, stating that contrary to Lamar's assertion,

the record reflected that the jail had offered her a vaccine, which she refused. Id. at 3, 3 n.1. Consequently, Lamar's general complaints about the presence of COVID-19 in the jail—as well as the availability of vaccines—are not "new facts," as she previously raised both prior to the Court's December 10, 2021 opinion. And although this is the first time that Lamar has complained about her inability to socially distance herself as well as the unavailability of masks and cleaning supplies at the jail, she does not contend that these conditions arose after the Court's prior opinion. Thus, Lamar has failed to put forth any "new facts," as she is required to do to succeed on a motion for reconsideration premised on Local Rule 7.1(h)(2)(C).

Even if Lamar's complaints related to COVID-19 conditions at the jail constitute "new facts," they do not "warrant a different outcome" than the one that the Court previously reached. E.D. Mich. LR 7.1(h)(2)(C). As the Court explained in its prior opinion, a district court has discretion—but is not required—to reopen a detention hearing if (i) new information exists that was unknown to the movant at the time of the hearing, and "(ii) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's court appearances as required and the safety of other persons in the community." Id. at 2 (citing 18 U.S.C. § 3142(f)(2)(B); United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012)). The Court concluded that Lamar failed to satisfy the second prong:

> Lamar has not shown how information regarding the COVID-19 pandemic will assure her court appearances or the safety of the community. If anything, Lamar's release to home confinement could very well increase the risk of others contracting COVID-19, including her mother with whom she intends to reside. See United States v. Tawfik, No. 17-cr-20183-2, 2020 WL 1672655, at *4 (E.D. Mich. Apr. 6, 2020) (denying defendant's motion for pretrial release where the "release to home confinement would increase the risk of others contracting COVID-19," including "the family members with whom she would reside"). Lamar's history of noncompliance with her conditions of release—specifically, by repeatedly traveling outside of the District without prior authorization— raises serious questions as to whether she would comply with COVID-19 safety protocols, such as travel restrictions. Her recent refusal to accept the vaccine when her prison offered it to her, see Lewis Letter (Dkt. 80-1), also showcases her unwillingness to take common sense measures to minimize the spread and devastation of the virus in the community.

3

Id. at 2–3.

According to the Government, Lamar has continued to fail to take common sense measures to protect herself. The Government represents that it spoke with Sergeant Monique Tank about Lamar and conditions at the jail. Resp. at 4. Sergeant Tank stated that although Lamar was not relocated to another cell after being exposed to COVID-19 (to prevent exposing more inmates to the virus), Lamar was offered a monoclonal antibody COVID-19 treatment, which she declined. Id. at 4. Lamar also declined "vitamins that the medical staff provides to all inmates (including Vitamin C, Vitamin D, and zinc) to support healthy immune systems" and "another chance to take the Covid-19 vaccine." Id. Further, it appears that if Lamar is not wearing a mask or using cleaning supplies, she is doing so of her own volition. According to Sergeant Tank, contrary to Lamar's allegations, (i) "disinfectant supplies are placed in inmate cells each morning and available upon request at the jail"; (ii) masks are available on the medication carts, which pass through the cells three times daily, in addition to a supply in staff offices that are available to inmates upon request"; and (iii) "soap is provided through the weekly laundry pass, as well as on the commissary list." Id. at 3–4. Lamar's continued failure to take any actions to protect herself only bolsters the Court's prior conclusion that, if released, Lamar is unlikely to abide by COVID-19 safety protocols, which would jeopardize the safety of others in the community.

Fortunately, it appears that Lamar's fears—that she would contract COVID-19 after being exposed to an inmate who tested positive for the virus—did not come to fruition. According to the Government, "Lamar tested negative for Covid-19 on December 14, 2021 and based on the records is not suffering severe illness from Covid-19." Id. at 4. The Court is satisfied that the jail is taking reasonable steps to ensure the health and safety of its inmates. The presence of COVID-19 in the jail is not a sufficient reason to reconsider the Court's prior opinion, nor is it sufficient justification to release Lamar.

## II. CONCLUSION

For the foregoing reasons, Lamar's motion for reconsideration (Dkt. 87) is denied.

SO ORDERED.

Dated: February 3, 2022        s/Mark A. Goldsmith
     Detroit, Michigan        MARK A. GOLDSMITH
                                   United States District Judge